### J. W. INMAN v. THE STATE.

*No. 565.    Decided March 20th, 1895.*

1.  **Forgery—Former Acquittal.**

    On a prosecution for forgery, a plea of former acquittal is correctly stricken out, where it appears that said former acquittal was on a trial for forgery of a different note from the one involved in the second prosecution.

2.  **Same—Evidence as to Signature to Note.**

    On a trial for forgery of a note, where the signature to the note has become dimmed or obliterated, it is competent to prove that the name appeared plainly written upon the note at the time it was executed.

APPEAL from the District Court of Comanche. Tried below before Hon. T. H. CONNOR.

This appeal is from a conviction for forgery, wherein the punishment assessed was a term of two years imprisonment in the penitentiary. The forged instrument, as set forth in the indictment, was a promissory note for $150, purporting to have been signed by S. P. Sweedon, John Alexander, Z. W. Leatherwood.

Defendant pleaded especially a former acquittal, which on motion of the District Attorney was stricken out, for the reason that such former acquittal was had in a prosecution for the forgery of a different note from the one on which the prosecution, in this case, was predicated. When the prosecution introduced in evidence the original note, defendant objected for variance between it and the note set out in the indictment, as to the names S. P. Sweedon and Z. W. Leatherwood. As to the name Sweedon, that the latter syllable was *"den"* and not *"don,"* as alleged; and as to Z. W. Leatherwood, that the first initial was J, and not Z, as alleged; and that the surname was not Leatherwood, but Leather. These objections were overruled, and the original note was, at request of defendant, sent up with the transcript on appeal, for the inspection of the court. This note shows the first name to have been clearly written S. P. Sweedon, and that of the other name, Z. W. Leather, is plain, with indications that the last syllable "wood" has been torn off or obliterated; the portions of the other letters after "Leather" being apparent. Moreover, the District Attorney testified, that at the time the note came into his possession it was intact, and that, at that time, the letters "wood" in Leatherwood's name, as also the loop in the initial letter "Z" of the christian name, were clearly apparent. Defendant saved a bill of exceptions to the admission of this testimony.

*J. P. Graham,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is a conviction for forgery. The indictment contained three counts—the first charging forgery; the second, passing a forged instrument; and the third, having possession of a forged instrument with intent to pass the same. The defendant interposed a plea of former acquittal. It appears from the record that appellant had been tried and convicted for forging an altogether different note from the one set forth in the indictment in this case. Upon motion of the State, this plea was stricken out. In this case the court acted correctly, and no authorities are required to sustain the court's action. The first count of the indictment, that which charged forgery, is sufficient. There is no variance between the note set out in the indictment and that introduced in evidence. The original note is before us, and Z. W. Leatherwood's name clearly appears to be signed to it. There are a number of bills of exceptions in the record pertaining to other matters. The charge of the court was the law of the case, and there was no error in neglect-

ing those offered by the defendant.    The State had a right to prove that Leatherwood's name was written plainly upon the note at the time it was executed, and by wear and tear had been somewhat dimmed and obliterated.    We have carefully examined the record, and find no error requiring a reversal.    The judgment is affirmed.

, *Affirmed.*

HURT, P. J. absent.